**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **KEITH DARRELL LUTON**, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CASE NO:** |
| | : | **7:26-cv-75–WLS** |
| | : | |
| **IBM CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>ORDER</u>

On April 23, 2026, Defendant IBM Corporation ("IBM") filed a Motion to Dismiss (Doc. 25). Plaintiff Keith Darrell Luton filed this action *pro se.* The Court typically provides notice to *pro se* plaintiffs about how they may respond to a motion to dismiss. Hence, in an effort to ensure and to afford Plaintiff adequate notice regarding the Motion to Dismiss (Doc. 25), the Court issues the instant Order. *See generally Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

When considering a motion to dismiss, the Court accepts as true all facts set forth in a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *Twombly*, 550 U.S. at 556, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs which may not exceed twenty pages. M.D. Ga. L.R. 7.4. Furthermore, the Court's resolution of a motion to dismiss could result in granting judgment, and there would be no trial or further proceedings in this matter.

The Court notes that Plaintiff filed his "Response in Opposition to Defendant's Motion to Dismiss [DKT. 25]" (Doc. 27) ("First Response") on April 27, 2026. The First Response is twenty double-spaced pages. He filed another "Response in Opposition to Defendant's Motion to Dismiss [DKT. 25]" (Doc. 28) ("Second Response") on April 30, 2026. The Second Response is docketed as a "Notice of Filing Corrected Response in Opposition to Motion to Dismiss" and is twelve single-spaced pages. A Notice of Deficiency was docketed May 4, 2026, with respect to the Second Response requiring such response to be refiled as an amended document. The Plaintiff is noticed that such amended document will replace the First and Second Responses and that it may not exceed twenty double-spaced pages.

As Plaintiff is proceeding *pro se*, the Court shall permit Plaintiff an opportunity to file an amended Response to IBM's Motion to Dismiss, if he so desires, within **fourteen (14) days** of this Order or until **Tuesday, May 19, 2026**. If Plaintiff chooses to do so, then that is the response the Court will consider as being Plaintiff's response when considering IBM's Motion to Dismiss. Thereafter, the Court will consider IBM's Motion to Dismiss and any proper opposition to the same filed by Plaintiff and issue its ruling. Plaintiff is noticed that if IBM's Motion to Dismiss is granted, Plaintiff's Complaint may be dismissed without further notice or proceeding.

Plaintiff is further noticed that upon a timely written motion for a reasonable time to obtain counsel, the Court will consider the same before addressing IBM's Motion to Dismiss. Otherwise, Plaintiff is entirely responsible for filing a timely proper response to IBM's Motion to Dismiss.

**SO ORDERED**, this 5th day of May 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**