**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **KEITH DARRELL LUTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO:** |
| | : | **7:26-cv-75–WLS** |
| **IBM CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

On May 29, 2026, Plaintiff filed a Motion for Leave to File Surreply in Opposition to Defendant's Motion to Dismiss (Doc. 53) ("Motion"). On May 31, 2026, Plaintiff withdrew the Motion (Doc. 54) and attempts to replace it with Plaintiff's Notice of Intent to file Motion for Ratification and Substitution of Real Party in Interest Pursuant to Fed. R. Civ. P. 17(a)(3) (Doc. 55) ("Notice"). In the Notice and Motion, Plaintiff asserts IBM Corporation ("IBM") raised an entirely new waiver argument that was not present in its initial Motion to Dismiss (Doc. 25). In its Reply (Doc. 52), IBM asserts that in his operative Second Amended Response (Doc. 41), and all other responses,[1] Plaintiff failed to address the factors listed in Federal Rule of Civil Procedure 19(b). Therefore, IBM argues the Court should treat those factors as conceded. (Doc. 52 at 5, Doc. 53 at 1).

From the Court's review, IBM did in fact discuss the Rule 19(b) factors in its Motion to Dismiss. (*See* Doc. 25 at 6–8). Plaintiff knew those factors were an issue at the time he filed his Second Amended Response and he had the opportunity to respond to IBM's arguments as to the Rule 19(b) factors. He chose not to do so. IBM could not make a concession argument until after Plaintiff responded to the Motion to Dismiss.

---

[1] Plaintiff filed multiple responses to the Motion to Dismiss, some of which resulted in notices of deficiency. Pursuant to the Court's Order (Doc. 31), Plaintiff was given until May 19, 2026, within which to refile his response. On May 18, 2026, Plaintiff filed his Second Amended Response in Opposition to IBM's Motion to Dismiss (Doc. 41) ("Second Amended Response") which is the operative Response. (*See* Order (Doc. 31); *see also* IBM's notice (Doc. 45) (stating that its Reply is filed in response to Plaintiff's Second Amended Response)).

The purpose of a surreply is limited and they are not favored by the Court. M.D. Ga. L.R. 7.3.1B. They are not a chance to take a second bite at the apple where Plaintiff could have and should have addressed the Rule 19(b) factors in its Second Amended Response. Further, the Court notes that, in violation of Local Rule 7.3.1C, Plaintiff attached a copy of his proposed surreply to the Motion.[2] The filings of *pro se* parties are construed leniently and liberally. However, they are responsible for making their own arguments and for complying with the Federal Rules of Civil Procedure and the Local Rules of this Court. "[A] party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow." *Diaz v. AT&T Mobility*, No. 1:10-CV-3356, 2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), *adopted by*, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013). "Courts show leniency to *pro se* litigants, however, *pro se* litigants are still required to conform to the procedural rules, and the court is not required to rewrite deficient pleadings." *Jacox v. Dep't of Def.*, 291 Fed. App'x 318, 318 (11th Cir. 2008) (per curiam) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

In the Notice, Plaintiff attempts again to file documents on behalf of The New Faith Church and co-op Inc. ("NFC") notifying the Court that NFC will be transferring assets that are the subject of this lawsuit to Plaintiff in order to circumvent IBM's assertion that NFC is an indispensable party to this lawsuit. The Court has previously advised Plaintiff that because he is not an attorney, he cannot represent the interests of NFC in this Court.

Here, Plaintiff has not shown good cause for being allowed to file a surreply nor has he complied with the Local Rules of this Court. Accordingly, Plaintiff's Motion for Leave to File Surreply in Opposition to Defendant's Motion to Dismiss (Doc. 53) is **DENIED**. Further, Plaintiff's purported surreply, improperly attached to his Motion, is Ordered **STRICKEN** from the Record of this case.

---

[2] M.D. Ga. L.R. 7.3.1C provides:

A party desiring to file a surreply brief must move in writing for permission to do so within fourteen (14) days of the filing of the brief to which reply is desired, succinctly specifying the reasons why additional briefing is necessary. *The proposed surreply brief shall not accompany the motion* and no response to the motion by the opposing party shall be allowed.

(Emphasis added).

In addition, as the Notice (Doc. 55) was improperly filed on behalf of NFC, it is Ordered **STRICKEN** from the Record in this case.

**SO ORDERED**, this 1st day of June 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**